IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| Christopher Stephon Washington, <br> Petitioner, | ) <br> ) <br> ) | |
| v. | ) | 1:16cv1570 (TSE/MSN) |
| | ) | |
| Harold W. Clarke,[1] <br> Respondent. | ) <br> ) <br> ) | |

## MEMORANDUM OPINION

Christopher Stephon Washington, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of a conviction entered in the Circuit Court of York County. Case No. CR11-6799-01. Before the Court is the respondent's Motion to Dismiss the petition.

### I. Background

On July 10, 2013, after the first day of a jury trial, Washington entered a plea of guilty pursuant to North Carolina v. Alford, 400 U.S. 25 (1970) to raping a child under the age of thirteen. He received a sentence of forty-seven years' imprisonment with forty years suspended. In exchange for the guilty plea, the Commonwealth moved to *nolle prosequi* two additional charges of rape.

Washington pursued a direct appeal before the Court of Appeals of Virginia, raising the following claims:

    I.    The trial court erred in accepting the Alford plea because he did not enter it knowingly and

---

[1] Petitioner initially named Bernard W. Booker, the Warden of Buckingham Correctional Center, as the respondent in this action. During its pendency petitioner was transferred to Haynesville Correctional Center, and respondent's motion to substitute the Director of the Virginia Department of Corrections as the proper party respondent (Doc. 10, n. 1) accordingly is granted.

        voluntarily.

   II.     The trial court erred in admitting hearsay evidence during the first day of his jury trial.

The petition for appeal was denied in a *per curiam* order on August 15, 2014. Washington v. Commonwealth, R. No. 0095-14-1 (Va. Ct. App. Aug. 15, 2014) On November 18, 2014, petitioner's request for review by a three-judge panel was denied. Id. Petitioner sought further review by the Supreme Court of Virginia, and his petition for appeal was dismissed and refused on June 4, 2015. Washington v. Commonwealth, R. No. 141701 (Va. June 4, 2015).

On January 21, 2016, Washington filed a petition for a state writ of habeas corpus in the Supreme Court of Virginia, raising the following claims:

   1.     Counsel was unethical and unlawful in his efforts to be hired by the petitioner.

   2.     Counsel was ineffective for: (a) failing to impeach the victim with prior inconsistent statements made to the investigator, and (b) failing to use exculpatory evidence "found by the former prosecutor."

   3.     Counsel was ineffective for: (a) misleading petitioner regarding the use of evidence and (b) pressuring petitioner to accept the plea agreement.

   4.     Counsel was ineffective for failing adequately to investigate witnesses known to him prior to trial.

   5.     Counsel was ineffective for failing to use evidence provided by Lawrence W. Daly.

Doc. 21, Ex. B-1.[2] The petition was dismissed on September 1, 2016. Washington v. Director,

---

[2]Pursuant to the Court's Order of April 11, 2017, counsel for the respondent caused the records of the Supreme Court of Virginia pertinent to this petition to be forwarded to this court on May 25, 2017. According to the tracking number, they were delivered to the court and signed for the

Dep't of Corrections, R. No. 160196 (Va. Sept. 1, 2016); Doc. 21, Ex. B-3.

Washington then turned to the federal forum and timely filed the instant petition for relief pursuant to § 2254, reiterating the same claims he exhausted in his state habeas corpus proceeding. See 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987). On May 11, 2017, respondent filed a Rule 5 Response and a Motion to Dismiss the petition with a supporting brief and exhibits, and provided petitioner with the notice required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7K. (Doc. 8 - 11) Petitioner subsequently filed an opposition captioned as a Reply Brief. (Doc. 17) Accordingly, this matter is ripe for disposition.

## II. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on that claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Whether a state court decision is "contrary to" or "an unreasonable application of" federal law requires an independent review of each of those standards of review. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court's determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent

---

following day. See Doc. 19. Unfortunately, after a thorough search, they could not be located, and respondent accordingly has re-supplied copies of the Supreme Court of Virginia records of petitioner's direct appeal and state habeas corpus proceeding. (Doc. 19 - 21)

3

judgment that the state-court decision applied [the law] incorrectly." Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002). Thus, "[t]he question under the AEDPA is not whether a federal court believes the state court's determination was incorrect, but whether that determination was unreasonable - a substantially higher threshold." Schriro v. Mandrigan, 550 U.S. 465, 673 (2007). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 103 (2011). "If this standard is difficult to meet - and it is - 'that is because it was meant to be.'" Burt v. Titlow, 571 U.S. __, 134 S.Ct. 10, 16 (2013) (quoting Richter, 562 U.S. at 102).

When a federal habeas petitioner challenges the reasonableness of the factual basis for a state conviction, the AEDPA "requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'" Schriro, 550 U.S. at 473-74. Under the AEDPA standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

### III. Analysis

In all of his present claims, Washington argues that he received ineffective assistance of counsel for various reasons. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell

below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance" id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket, 208 F.3d at 189 (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylor, 162 F.3d 273, 278 (4th Cir. 1998).

The two-part Strickland test "applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58 (1985). In the context of a guilty plea, the "performance" prong of the Strickland test 'is nothing more than a restatement of the

5

standard of attorney competence already set forth in . . . McMann v. Richardson,' 397 U.S. 759, 771 (1970), that is, whether the advice of counsel "was within the range of competence demanded of attorneys in criminal cases." Id. at 58-59. With regard to the "prejudice" prong in the context of a guilty plea, a petitioner must show that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59; see also Burket v. Angelone, 208 F.3d 172, 190 (4th Cir. 2000). In reviewing a petitioner's claim of ineffective assistance of counsel regarding a guilty plea, "the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Declarations made "in open court carry a strong presumption of veracity," and "the subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Id. at 74. Thus, absent clear and convincing evidence to the contrary, a defendant is bound by his representations at a plea colloquy concerning the voluntariness of the plea and the adequacy of his representation. Beck v. Angelone, 261 F.3d 377, 396 (4th Cir. 2001).

In Claim 1, Washington contends that he received ineffective assistance of counsel because his attorney unethically and unlawfully solicited employment and made representations about his ability to win the case. When he made this same argument in the state habeas proceeding, the Supreme Court of Virginia found it to be without merit for the following reasons:

> The Court holds claim (1) satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in Strickland v. Washington, 466 U.S. 668, 687 (1984). Petitioner fails to identify any deficient performance on the part of counsel, nor does he assert that but for counsel's alleged shortcomings, he would not have pled

6

guilty and the outcome of the proceeding would have been different. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, he would have pleaded not guilty, would have proceeded to trial, and the outcome of the proceedings would have been different. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Washington v. Director, supra, slip op. at 1-2.

At the plea colloquy, the Court ascertained that petitioner was an adult and had completed the 11th grade in school. (Tr. 7/10/13 at 6) The following exchanges then took place:

> THE COURT: Have you had enough time to discuss with your lawyers, especially, um, the one that stands next to you today, um, any possible defenses?
>
> WASHINGTON: Yes, I have.
>
> THE COURT: Have you discussed with him whether you should plead guilty or not?
>
> WASHINGTON: Yes, I have.
>
> THE COURT: And after that discussion that you had with your lawyer, did you decide for yourself that you would plead guilty?
>
> WASHINGTON: Yes, I did.
>
> THE COURT: Are you entering your plea of guilty freely and voluntarily?
>
> WASHINGTON: Yes, I am.
>
> \* \* \*
>
> THE COURT: Are you entirely satisfied with the services of your lawyer?
>
> WASHINGTON: Yes, sir.

Tr. 7/10/13 at 7 - 8, 10.

When considered in light of these statements, Claim 1 is patently without merit. As the

7

Virginia court noted, Washington identifies no instance of deficient performance by counsel, and even if he had, he offers no evidence whatever to overcome his representation at the plea colloquy that he was entirely satisfied with his lawyer's services. Accordingly, the state court's denial of relief on this claim was squarely in line with applicable federal authorities, Beck, 261 F.3d at 396, and the same result must obtain here. Williams, 529 U.S. at 412-13.

In a portion of Claim 2, Washington contends that counsel was ineffective for failing to impeach the victim with prior inconsistent statements. The Supreme Court of Virginia rejected this argument on the following holding:

> In the first portion of claim (2), petitioner contends he was denied the effective assistance of counsel because counsel failed to impeach or present prior conflicting statements the victim made to the police officer who interviewed her, Investigator Evans. Petitioner alleges the Commonwealth's evidence consisted only of uncorroborated accusations made by the victim and no physical DNA evidence or eyewitness testimony was available, making the victim's credibility of the utmost importance.
>
> The Court rejects this portion of claim (2) because petitioner failed to offer a valid reason why he should not be bound by his representation at trial that his counsel's performance was adequate. See Anderson v. Warden, 222 Va. 511, 516, 281 S.E.2d 885, 888 (1981).

Washington v. Director, supra, slip op. at 1-2.

In Anderson, 281 S.E.2d at 888, the Supreme Court of Virginia held that "the truth and accuracy of representations made by an accused as to the adequacy of his court-appointed counsel and the voluntariness of his guilty plea will be considered conclusively established by the trial proceedings, unless the prisoner offers a valid reason why he should be permitted to controvert his prior statements." That rule is thoroughly consistent with controlling federal principles, Blackledge, 431 U.S. at 74, and its application to Washington's unsupported attempt to contradict his statement at the plea colloquy that he was entirely satisfied with his

8

lawyer's services was factually reasonable. Consequently, the Virginia court's rejection of Washington's argument in Claim 2(a) must be allowed to stand. Williams, 529 U.S. at 412-13.

In the second portion of Claim 2, Washington asserts that counsel provided ineffective assistance by failing to use exculpatory evidence found by a former prosecutor on the case who withdrew and "became a witness on [petitioner's] behalf." The Supreme Court of Virginia denied this contention for the following reason:

> The Court holds the second portion of claim (2) satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in Strickland. Petitioner does not proffer the content of this allegedly exculpatory evidence, explain how counsel had knowledge of the evidence or this witness but failed to properly use it when petitioner pled guilty before his opportunity to put on a defense at trial, or explain how this evidence would have helped his defense or altered the outcome of his case. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, he would not have pled guilty and the outcome of the proceeding would have been different.

Washington v. Director, supra, slip op. at 2.

For the reasons which were clearly articulated by the Virginia court, Washington's unsupported and conclusory allegations regarding his counsel's failure to present exculpatory evidence are insufficient under federal law to overcome his representation at the plea colloquy that he was entirely satisfied with counsel's services. Blackledge, 431 U.S. at 74. Therefore, the Virginia court's denial of relief on Claim 2(b) must not be disturbed. Williams, 529 U.S. at 412-13.

In Claim 3, Washington argues that counsel was ineffective for (a) misleading him regarding the use of evidence and (b) pressuring him to accept the plea agreement. The Supreme Court of Virginia found no merit to these arguments for the following reasons:

9

> In claim (3), petitioner contends he was denied the effective assistance of counsel because counsel induced petitioner to plead guilty by misinforming petitioner that he could not use any evidence because he could not depend on state officials to testify on his behalf. Petitioner alleges he lost confidence in counsel after counsel threatened him for hours, showed him sentencing guidelines with an eighty-four year sentence, and made threatening statements about his ability to appeal such that petitioner felt compelled to plead guilty pursuant to Alford.
>
> The Court rejects claim (3) because petitioner failed to offer a valid reason why he should not be bound by his representation at trial that his counsel's performance was adequate and that his guilty plea was voluntary, and there is no evidence identified by petitioner that would support the contrary conclusion that the plea was involuntary. See Anderson, 222 Va. at 516, 281 S.E.2d at 888.

Washington v. Director, supra, slip op. at 2-3.

As with Claim 2(a), supra, the Virginia court's reliance on the Anderson rule was consistent with controlling federal principles, Blackledge, 431 U.S. at 74, and its application to Washington's unsupported attempt to contradict his statement at the plea colloquy that he was entirely satisfied with his lawyer's services was factually reasonable. Therefore, Claim 3 likewise must be rejected here. Williams, 529 U.S. at 412-13.

In Claim 4, Washington contends that he was denied effective assistance of counsel because counsel failed to investigate or to interview unnamed witnesses whom petitioner identified to counsel six to eight months before trial. Again, the Supreme Court of Virginia "reject[ed] claim (4) because petitioner failed to offer a valid reason why he should not be bound by his representation at trial that his counsel's performance was adequate." Washington v. Director, supra, slip op. at 3. Because that determination was factually reasonable and in accord with applicable federal principles, Blackledge, 431 U.S. at 74, the same result is compelled here. Williams, 529 U.S. at 412-13.

In Claim 5, Washington argues that he received ineffective assistance when counsel failed to use evidence provided by Lawrence W. Daly. The Supreme Court of Virginia disagreed for the following reason:

> In an unnumbered claim, petitioner contends he was denied the effective assistance of counsel because counsel failed to "allow" or "take into account" evidence provided by Lawrence Daly, a defense expert who analyzed police interviews with the victim. Petitioner alleges Daly's analysis of interviews with the victim demonstrates that petitioner's rights were violated by Investigator Evans when Evans failed to follow accepted protocols to avoid contaminating the only evidence of the crime.
>
> The Court rejects this unnumbered claim because petitioner failed to offer a valid reason why he should not be bound by his representation at trial that his counsel's performance was adequate. See id.

Washington v. Director, supra, slip op. at 3.

As with his earlier claims, petitioner again comes forward with no clear and convincing evidence to rebut his statement at the plea colloquy that he was entirely satisfied with his lawyer's efforts. Consequently, the Virginia court's denial of relief on Claim 5 was both factually reasonable and consistent with controlling federal authorities, Beck, 261 F.3d at 396, and its conclusion must not be disturbed here. Williams, 529 U.S. at 412-13.

### III. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss must be granted, and this petition for habeas corpus relief must be dismissed with prejudice. An appropriate Order and judgment shall issue.

Entered this 7th day of December 2017.

T. S. Ellis, III
United States District Judge

Alexandria, Virginia

11